IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

PATRICK LEWIS HUBBARD                                                                         PLAINTIFF

V.                                                   CIVIL ACTION NO. 4:21-CV-00002-GHD-JMV

SHERIFF ROLANDO FAIR, et al.                                          DEFENDANTS

## ORDER DISMISSING CASE WITHOUT PREJUDICE

This matter comes before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Patrick Lewis Hubbard, proceeding *pro se*, filed the instant civil rights action on January 8, 2021, while he was incarcerated at the Grenada County Jail. Doc. # 1. Shortly thereafter, the Court scheduled a hearing as set forth in *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine whether any of Plaintiff's claims filed under 42 U.S.C. § 1983 had sufficient merit to proceed.

United States Magistrate Judge Jane M. Virden convened the *Spears* hearing, via videoconference, as scheduled on June 8, 2021, at 9:30 a.m. in Courtroom 2 at the Federal Building located in Greenville, Mississippi. *See* Doc. # 8. Plaintiff's name was called three times in the courtroom and outside the courtroom in Greenville, but he was not present.[1] Judge Virden additionally telephoned the Grenada County Jail, Plaintiff's last known address, but Plaintiff had been released on bond and, consequently, was not there.[2]

A few minutes later, Judge Virden became aware that Plaintiff had contacted the clerk's office in Oxford, Mississippi, and connected him to the hearing via telephone. Once Judge Virden began asking Plaintiff questions regarding his claims, Plaintiff ended the call. Judge Virden then attempted to get Plaintiff back on the line, using the number he called on, but

---

[1] The Court additionally confirmed that Plaintiff was not present at the federal courthouse in Oxford, Mississippi.
[2] It is Plaintiff's responsibility to keep the Court apprised of his current address. *See* Doc. # 8.

Plaintiff did not pick up, nor was it possible to leave a voicemail. Thus, Plaintiff essentially failed to appear for the hearing and, as a result, his claims could not be properly assessed.

That same day, June 8, 2021, Judge Virden entered an order directing Plaintiff to show cause within twenty-one days why he failed to appear for the hearing as directed. Doc. # 14. The order warned Plaintiff that his "failure to do so may result in his claims being dismissed for failure to prosecute and obey an order of the Court as provided by Rule 41(b) of the Federal Rules of Civil Procedure." *Id.* Despite this warning, Plaintiff failed to respond and the time for doing so has now passed. Accordingly, the Court finds that the instant case is hereby **DISMISSED without prejudice** for Plaintiff's failure to prosecute and obey an order of the Court under Rule 41(b).

**SO ORDERED**, this the  1st  day of July, 2021.

_____
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**